D. D. GARDNER and E. O. GARDNER, his wife v. W. A. HEARNE et al.

(Decided March 1, 1898).

*Judicial    Sale—Foreclosure    of    Mortgage—Commissioner's    Deed.*

1. In the absence of an equitable right clearly established to the contrary, a Commissioner appointed by a Court to make a sale and execute a conveyance to the purchaser named in the decree of confirmation cannot be compelled to make a deed contrary to the terms of such decree.

2. Where a Commissioner appointed by the Court to sell land, reported E as the purchaser and the decree confirming the sale directed him to convey title to such purchaser and, before a deed was made, A filed a motion for an order directing the Commissioner to make the deed to him on the ground that the commissioner's report (by an interlineation) stated that E had transferred her bid to him, it was error on the hearing of such motion to exclude affidavits showing that the report was altered without the knowledge or consent of the commissioner, after it was filed, so as to show the transfer of E's bid to A; that when the decree of confirmation was made the alleged transfer was not before the Court and that the report, as originally made by the commissioner, was consistent with the decree itself.

GARDNER *v.* HEARNE.

MOTION in an existing cause on the part of the purchaser of land sold under decree of Court, to compel the Commissioner to execute a deed, heard before *Timberlake, J.,* at November Term, 1897, of WILSON Superior Court.

The Commissioner, in response to notice, offered affidavits of several persons, which, on being read and examined were considered incompetent, and irrelevant by the Court as to the matter to be heard and then enquired into, and thereupon the order set out in the record was made.   Exception and appeal by the Commissioner.

The ground of the motion and the substance of the affidavits in reply thereto are stated in the opinion.

*Messrs. C. M. Bernard* and *R. O. Burton,* for plaintiff.
*Messrs. F. A. Woodard* and *H. G. Connor,* for defendants (appellants).

MONTGOMERY, J.:   In an action for the foreclosure of a mortgage upon real estate, instituted in Wilson Superior Court by E. O. Gardner and her husband against W. A. Hearne, A. J. Simms was appointed Commissioner to make sale of the property conveyed in the mortgage.   A report of the same was filed by the Commissioner and a decree of confirmation entered with the order that the commissioner should make title to the purchaser upon payment of the purchase money.   No deed, however, has ever been made by the Commissioner to any one.   In his report of the sale the Commissioner stated that E. O. Gardner was the purchaser.

The matter before us is upon a motion made by A. D. Gardner, the son of the purchaser, upon notice to the Commissioner, Simms, to have the original action reinstated on the docket and for him to show cause why

GARDNER v. HEARNE.

he, as Commissioner, should not execute and deliver to A. D. Gardner a deed to the real estate described in the original complaint and decree. A. D. Gardner, in his affidavit filed by him as the basis for his motion, stated as a reason why the Commissioner should make a deed to the property to him that the report of the sale by the Commissioner contained a statement that the purchaser E. O. Gardner, his mother, had transferred her bid to him, and that the Court in its decree of confirmation acted on this transfer of bid. The Commissioner in his answer to the motion of A. D. Gardner, among other things, said that the decree of confirmation of the sale required him to make title to the purchaser, E. O. Gardner; that she has never called on him for the deed or instructed him to make it to any other person; and that he has no knowledge or information in regard to any transfer by the said E. O. Gardner of her bid to A. D. Gardner; that no such transfer was ever shown to him or called to his attention, and that at the time of the filing of the report of sale, A. D. Gardner was living with his mother and father, the plaintiffs in the original foreclosure proceedings, and an infant only one or two years of age. The Commissioner filed with his answer an affidavit made by F. A. Woodard, a part of which affidavit is as follows: ·"That as appears by the record, A. J. Simms was appointed Commissioner to sell said land, and at said sale the affiant, representing the said E. O. Gardner, bid the sum of $505, being the amount due on said note as aforesaid. That affiant prepared the report for said Commissioner, stating that said E. O. Gardner was the purchaser. That affiant calls attention to the fact that it appears by an examination of said report that the words 'who has transferred her bid to A. D. Gardner' although in the handwriting of

GARDNER *v.* HEARNE.

affiant, were inserted after the filing of said report."

The Commissioner further answering files an affidavit made by F. I. Finch in which the affiant sets out that since the Commissioner's sale and confirmation, E. O. Gardner and her husband have sold the lot of land referred to in the Commissioner's report to him at the price of $2500, and that that amount was the full value of the property at the time Gardner and wife conveyed to him.

Upon the hearing of the motion the Court below held that the affidavits (including the one of Commissioner Simms, as we understand it) were incompetent and irrelevant as to the matters then being inquired into, and made an order directing the Commissioner to convey the property to A. D. Gardner. There was error in this ruling. This is not a proceeding in which it is sought by some person other than the Commissioner to have set aside a deed which had been made by mistake of the Commissioner. No deed, as we have said, has ever been made, and this proceeding is in the nature of one in equity whereby it is sought on equitable grounds to compel an officer appointed by the Court to make a sale, to execute a deed, contrary to the directions contained in the decree of confirmation. The affidavits tend to show that when the decree of confirmation was made the alleged transfer of the bid by E. O. Gardner to her son was not before the Court, and that the report of sale as originally made by the Commissioner without the alleged transfer (as the Commissioner avers) of the bid, is consistent with the decree itself. If it should be found that the alleged transfer of the bid was made after the report was filed and without the knowledge or consent of the Commissioner, and he should, in violation of the order confirming the sale, convey to the affiant, A. D.

Gardner, he might subject himself to pecuniary liability at the suit of persons who have acquired interests in the land. In the present proceeding A. D. Gardner has set out no causes for equitable relief, and until such shall be shown it would be inequitable to compel the Commissioner to make a deed contrary to the terms of the decree and which might subject him to pecuniary loss.

There was error in the respect pointed out in his Honor's ruling, and the matter will be remanded to the end that the affidavits be considered, the facts found, and judgment pronounced accordingly.

Remanded.